**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SANDRA C. PEPPERS,

        Plaintiff,                            Case No. 11-cv-10845

v.                                           Paul D. Borman
                                                  UNITED STATES DISTRICT JUDGE

THE UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY, and
INTERNAL REVENUE SERVICE

        Defendants.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, and
(2) DISMISSING THE ACTION**

      Sandra C. Peppers ("Plaintiff") filed the Complaint in this matter on March 2, 2011, seeking a refund and abatement for penalties on employment taxes. (Dkt. No. 1.) The Defendants are The United States of America, the Department of Treasury, and the Internal Revenue Service ("IRS").

      Defendants filed an Answer and the instant Motion to Dismiss on May 9, 2011. (Dkt. Nos. 9 and 10.) Plaintiff filed a Response on May 24, 2011. (Dkt. No. 12.) Defendants filed a Reply on May 25, 2011. (Dkt. No. 13.)

      Without seeking leave from the Court, pursuant to Local Court Rule 7.1,[1] Plaintiff filed a Sur-Reply on June 1, 2011 (Dkt. No. 14.), which the Court struck on September 15, 2011. (Dkt. No. 15.) Thereafter, the Court held a hearing on Thursday, September 15, 2011.

      For the reasons stated below, the Court will grant Defendants' Motion.

---

[1] Local Court Rule 7.1 provides only for a motion, a response, and a reply.

## I. BACKGROUND

Plaintiff is the former Chief Executive Officer of the Greater Detroit Hospital. Plaintiff resigned from her position in 2000, and the hospital closed shortly thereafter in the midst of serious financial difficulties. Prior to closing, the hospital had failed to collect and pay federal withholding taxes when issuing its employees' paychecks. This triggered an IRS investigation. Plaintiff was interviewed twice on April 19, 2001, and November 22, 2002, by two different IRS agents. On September 28, 2004, Plaintiff was assessed a $214,607.36 penalty as the person responsible for failing to collect and pay the federal withholding taxes for the hospital employees.

On February 28, 2005, Plaintiff filed a Claim for Refund and Request for Abatement ("Form 843"), claiming that she was not responsible for the failed tax payments, and that she did not willfully evade payment of the tax. That letter was signed by Plaintiff's counsel, Jerry Abraham, on behalf of Plaintiff. The IRS denied Plaintiff's Form 843 in a letter dated April 29, 2005.

Although the letter stated that Plaintiff could appeal the decision within 30 days and included the address for the IRS Local Office of Appeals, Plaintiff never filed an appeal. Thus, Plaintiff forfeited her right to appeal within the IRS.

Plaintiff filed a second Form 843 on January 10, 2007. This claim was denied in a letter dated March 6, 2007. The March 6 letter stated that Plaintiff's second Form 843 was denied because she had previously filed a Claim for Refund and Request for Abatement that was denied on April 29, 2005, and it reminded Plaintiff that she must file suit in a district court by April 29, 2007.[2]

---

[2] Pursuant to 26 U.S.C. § 6532(a)(1), a taxpayer may not bring a suit for recovery of a tax penalty in a district court unless the taxpayer first files a claim with the IRS. After filing a claim with the IRS, the taxpayer may sue after six months if the IRS fails to respond, or if the IRS denies the claim, the taxpayer must sue within two years of the date on which the denial letter was mailed.

Plaintiff did not file her first complaint in District Court until June 11, 2007. Thus, she forfeited her right to access the District Court.

This is Plaintiff's second lawsuit seeking a refund and abatement for employment tax penalties relating to her employment at Greater Detroit Hospital, Inc. Plaintiff's first lawsuit, filed on June 11, 2007, in the Eastern District of Michigan, was dismissed for lack of jurisdiction in a published decision by Judge Lawson because her claim was filed after the two-year period of limitations. *See Peppers v. United States*, 524 F. Supp. 2d 888, 895 (E.D. Mich. 2007).

The facts and issues in Judge Lawson's *Peppers* case and the instant case are almost identical. To confirm this near-identical twinning, the Court has attached to this Opinion a copy of the 2007 Complaint before Judge Lawson, and a copy of the instant Complaint. (Attachments A and B.)

Judge Lawson's *Peppers* Opinion stated:

> The IRS received the plaintiff's first Form 843 Claim for Refund and Request for Abatement, filed by her attorney Jerry Abraham, on February 28, 2005. The explanation stated:
>
>> This taxpayer was an employee of Greater Detroit Hospital, Inc. As evidenced by her Form 4180 and supporting corporation documents (as obtained under the FOIA) she had to answer to the president of the entity as well as its board of directors. Therefore, despite her direction to close the hospital and seek protection in the bankruptcy courts, the president and board elected to keep open with a bare bones staff. In addition, as the financial problems began she was under the belief that tax deposits were being made. These factors directly speak to both the wilfulness and requisite authority required to justify and sustain the assessment. We therefore request that this assessment be immediately abated.
>
> On April 29, 2005, the IRS denied the claim, and sent the disallowance to the plaintiff and her attorney.

3

>A second claim for refund was received by the IRS on January 10, 2007. This claim contained no explanation, except "See attached Affidavit of Sandra C. Peppers." The affidavit discusses the plaintiff's history with the company, and the turmoil among its three shareholders.

*Id.* at 891 (citations omitted).

Judge Lawson held:

>The Court finds that the plaintiff's second claim for a refund of the same tax penalty described in the first claim is based on essentially the same grounds as the first, and submitting (and the denial of) the second claim did not restart the period of limitations. Therefore, the complaint in this case is time-barred, and the court will grant the defendant's motion to dismiss.

*Id.* at 889. Plaintiff did not file an appeal from Judge Lawson's decision.

Plaintiff and her attorney, who had forfeited her rights to appeal, both within the IRS and within the federal courts, have now launched the instant lawsuit to challenge that Greater Detroit Hospital tax obligation. On December 20, 2007, Plaintiff paid the IRS $200, a mere pittance of the total amount owing on the former claim against her, and followed up on January 30, 2008, by filing a third Form 843, seeking refund and abatement of the $200. Plaintiff's arguments in the third Form 843 were substantively the same arguments presented in her two prior Form 843s. The IRS did not respond to Plaintiff's third Form 843. Plaintiff then filed a fourth Form 843 on June 22, 2010, requesting a refund and abatement of an "unknown" amount. (Defs.' Mot., Ex. 2, June 2010 Claim.)

## II. THE INSTANT COMPLAINT AND THE 2007 COMPLAINT

Plaintiff filed the instant Complaint on March 2, 2011, seeking the refund of her $200 payment and an abatement of the entire tax assessment.

In filing the instant case, Plaintiff violated the Local Court Rules by not listing her prior case

4

in this District Court as a companion case or as a previously dismissed case, as required by Local Court Rule 83.11(b)(7).[3] Plaintiff's failure to do so is particularly egregious considering that the instant Complaint and the 2007 Complaint (attachments A and B) are virtually identical, to wit:

- Paragraphs 1 through 6 of both complaints are identical.

- Paragraph 7 contains the same language in both complaints, but Plaintiff changed the date from February 3, 2005 in the 2007 Complaint to December 20, 2007 in the instant Complaint, and the amount paid from $150 to $200.

- Paragraph 8 contains the same language in both complaints, except that the instant Complaint added the phrase "through her attorney Jerry R. Abraham" and changed the date from January 5, 2007 to January 30, 2008.

- Paragraphs 10 through 12 are identical in both complaints.

- Plaintiff's attached affidavit to the instant Complaint, dated January 5, 2007, is the *same* affidavit attached to her 2007 Complaint.

The instant case is clearly a companion to Judge Lawson's prior case, and Plaintiff's counsel clearly violated the Local Rule in not so designating it as a companion case. Local Rule 83.11(b)(7)(C) clearly states that "counsel must bring companion cases to the court's attention by responding to the question on the civil case cover sheet or in the electronic filing system." This was not done.

---

[3]The Local Rules define "Companion Case" as including a case where "(i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence." L.R. 83.11(b)(7)(A)(ii). Both (i) and (ii) are present here.
Local Rule 83.11(b)(7)(B) also states that "cases may be companion cases even though one of them has been terminated."

5

Now before the Court is Defendants' Motion to Dismiss.

### III. LEGAL STANDARD

Defendants have moved for dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). To survive the motion, a plaintiff must show that the claims set for in the complaint have an "arguable basis in law." *Id.* (quoting *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).

### IV. ANALYSIS

Defendants argue that the Court lacks jurisdiction based on sovereign immunity. The United States and its agencies are immune from suit absent a showing of a waiver of sovereign immunity. *Wittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). "[T]he terms of [the United State's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Accordingly, statutes of limitation in most suits against the United States are jurisdictional. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

Defendants admit that Congress has expressly waived sovereign immunity with respect to claims against the IRS by taxpayers. *See* 28 U.S.C. § 1346(a)(1). However, these claims, such as Plaintiff's, are subject to the limitations set forth in 26 U.S.C. § 7422(a), which requires taxpayers to first file a claim with the IRS, and 26 U.S.C. § 6532(a)(1), which sets forth a limitations period of two years from the mailing date of a decision denying the taxpayer's claim.

6

Defendants argue that the Complaint, which is based on the third and fourth Form 843s, involves the same claim and arguments as Plaintiff's first Form 843, which was denied on April 29, 2005.

Plaintiff does not dispute that the arguments in the instant case are the same as those asserted in her first Form 843 and her previously dismissed case. Plaintiff argues, however, that her $200 claim should be construed as "new" because the underlying tax at issue is a divisible tax. *See Flora v. United States*, 362 U.S. 145 (1960). Plaintiff states that "each claim which seeks the refund of 'new' money is separate, distinct, and independent of any prior claim for the refund of different monies." (Pl.'s Resp. 3.) Plaintiff cites two cases: *Flora, supra*, and *Steele v. United States*, 280 F.2d 89 (8th Cir. 1960).

In *Flora*, the Supreme Court held that full payment of a tax assessment is a jurisdictional prerequisite to a suit for refund and abatement. *Flora*, 362 U.S. at 146. However, the Court also noted that certain taxes "may be divisible into a tax on each transaction or event, and therefore present an entirely different problem with respect to the full-payment rule." *Id.* at 171, n. 37. Likewise, in *Steele*, the Eighth Circuit held that corporate officers who had been assessed penalties for failing to pay income tax withholdings for corporate employees could challenge the legality of the assessment by paying the full amount of taxes owed for a single employee. *Steele*, 280 F.2d at 90.

> Thus, the officers would be legally entitled to make payment of the amount of the penalty applicable to the withheld taxes of any individual employee, to make claim for refund, and to institute suit for recovery, as a means of settling the question of the right of the Government to have made penalty assessment against them personally in the circumstances of the situation.

*Id.*

7

Plaintiff's argument fails because neither *Flora* nor *Steele* state that a new cause of action arises each time a partial payment is made on a divisible tax. These cases only establish that, as an exception to the full-payment rule, a court has subject matter jurisdiction where a taxpayer pays only a portion of a divisible tax.

There is no established statutory or case law supporting Plaintiff's argument that each payment on a divisible tax penalty creates a new cause of action, even after a challenge to the penalty has been dismissed. Such a rule would effectively nullify the two-year statute of limitations for such claims, and would also severely undermine the doctrines of judicial economy and *res judicata*, as a plaintiff could repeatedly challenge the same tax penalty every time a payment is made regardless of the outcome in previous challenges. Finally, it is obvious that every one of Plaintiff's claims put the whole liability at issue. Accordingly, the Court finds Plaintiff's argument not just unpersuasive, but so lacking in credibility as to be frivolous and vexatious.[4]

Plaintiff also asserts that "[s]he was never granted any form of administrative appeal, and the prior litigation was never adjudicated on the merits." (Pl.'s Resp. 4.) However, as was noted in the April 2005 letter from the IRS, Plaintiff could have requested "an Appeals conference within 30 days of the date of this letter." (Defs.' Mot., Ex. 4, April 2005 Letter 1.) More importantly, Plaintiff had two years from the date of the April 2005 letter to file a civil action and adjudicate the merits of her arguments against the tax penalty. Plaintiff did not file an action until June 2007. After the dismissal of her claim, Plaintiff could have filed an appeal with the

---

[4]The Court finds appropriate the song by The Who, *Won't Get Fooled Again*, which contained the lyrical phrase "Meet the new boss/Same as the old boss." In the instant case, the new lawsuit is the same as the old lawsuit. The Court will not get fooled again.

Sixth Circuit, but chose not to do so. She was thus afforded ample opportunities to challenge the tax penalty, but has repeatedly failed to take advantage of them.

In sum, the Court lacks subject matter jurisdiction over the instant matter because Plaintiff's third and fourth Form 843s relate to her initial Form 843, which was denied on April 29, 2005. Because Plaintiff's later Form 843s assert the same arguments previously raised, they do not extend the statute of limitations. *Peppers*, 524 F. Supp. 2d at 895; *see also Union Commerce Bank v. United States*, 638 F.2d 962, 963 (6th Cir. 1981) (holding that "[i]t is well established that a second claim for a refund asserting the same grounds as the first does not extend the two-year period in which a suit must be filed."). Accordingly, the Court will grant Defendants' Motion to Dismiss.

## V. CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** Defendants' Motion to Dismiss, and

(2) **DISMISS** the action.

**SO ORDERED.**[5]

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 9-23-11
Detroit, MI

---

[5] The Court has taken under consideration whether to issue sua sponte a notice of intent to sanction Plaintiff's attorney for presenting frivolous filings to the Court under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and/or the inherent power of the Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002).